Kathyleen A. O'Brien (SBN 94218)
Email: kobrien@reedsmith.com
Dominique H. Pietz (SBN 260716)
Email: dpietz@reedsmith.com
Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Mark S. Melodia (pro hac vice)
Email: mmelodia@reedsmith.com
Paul Bond (pro hac vice)
Email: pbond@reedsmith.com
136 Main Street, Suite 250
Princeton Forrestal Village
Princeton, NJ, 08540

Attorneys for Defendant Blizzard Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN BELL, an individual, and CHRISTOPHER SPELLMAN, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BLIZZARD ENTERTAINMENT, INC., a Delaware corp.,<br><br>　　　　　Defendant. | Case No.: 12-CV-09475 BRO (PJWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: November 5, 2012<br><br>Magistrate Judge Patrick J. Walsh |

　　　This Stipulation (hereinafter the "Stipulated Protective Order") is entered into by Plaintiffs Benjamin Bell and Christopher Spellman (collectively, "Plaintiffs") and Defendant Blizzard Entertainment, Inc. ("Defendant") (collectively, the "Parties," each, a "Party"), by and through their respective counsel, as follows, to govern the production and disclosure of potentially confidential documents and information in this action.  This Stipulated Protective Order is intended to govern only pre-trial

– 1 –

proceedings. The Parties agree to meet and confer before or at the Pre-Trial Conference regarding how to handle Confidential Information at trial. This Stipulated Protective Order, however, will remain in effect until the Parties reach an agreement or until the Court enters a new order addressing the handling of Confidential Information at trial.

## STIPULATION AND STATEMENT OF GOOD CAUSE

The Parties agree that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action may be kept confidential by the producing Party in the normal course of business. The Materials to be exchanged throughout the course of the litigation between the Parties or obtained from non-parties to the action may contain trade secrets or other proprietary information, confidential business or financial information, information that a Party may for any business or competitive purposes wish to be protected from disclosure, trade secrets, personal contact information, telephone records, and/or information in which any Party or non-party has a privacy interest or an interest to keep confidential (collectively, "Protected Information"). The purpose of the Stipulated Protective Order is to protect the confidentiality of such Materials during the litigation while facilitating the production of the Materials for the efficient resolution of this litigation. The Parties agree that the public disclosure of such Materials may cause prejudice or irreparable harm to the producing Party.

## DEFINITIONS

1. The term "Confidential Information" shall mean and include information (including, but not limited to, Protected Information) contained or disclosed in any Materials, including, without limitation, documents or portions of documents in any form, including electronic documents; answers to interrogatories; responses to requests for admissions; deposition testimony; and transcripts of depositions,

1  including data, summaries, and compilations derived therefrom that is deemed to be
2  Confidential Information by any Party or by any non-party to which it belongs.

3    2. The term "Counsel" shall mean outside counsel of record, in-house
4  counsel, and other attorneys, paralegals, secretaries, and designated contract attorneys
5  and other support staff employed by the law firms identified below.

6    3. The term "Designating Party" shall mean a Party or non-party that
7  designates Materials that it produces in disclosures or in discovery as "Confidential."

8    4. The term "Direct Competitor," when applied to companies which
9  compete with Defendant Blizzard Entertainment, Inc., shall mean any company that
10 develops or publishes interactive entertainment software or hardware related to video
11 games and technologies used in video games.

12   5. The term "Materials" shall have the broadest interpretation as to
13 encompass anything and everything produced and/or disclosed in accordance with this
14 Stipulated Protective Order and shall include, but shall not be limited to: documents
15 in any form, including electronic documents, records or data; information in any form,
16 including electronic information; correspondence; memoranda; faxes; notes; emails;
17 instant messages; text messages; metadata; computer code; personal contact
18 information or passwords; bulletins; blueprints; specifications; customer lists or other
19 material that identify customers or potential customers; cost information; price lists or
20 schedules or other matters identifying pricing; minutes; telegrams; letters; statements;
21 cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of
22 conversations; desk diaries; appointment books; expense accounts; recordings;
23 deposition testimony; photographs; motion pictures; compilations from which
24 information can be obtained and translated into reasonably usable form through
25 detection devices; sketches; drawings; notes; reports; instructions; disclosures; other
26 writings; models and prototypes and other physical objects.

27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1       6.      The term "Party" shall mean, in the plural as well as the singular, any
2 named plaintiff or defendant in this action, and shall include any present directors,
3 officers, or employees of any Party.

4       7.      The term "Producing Party" shall mean a Party or non-party that
5 produces Materials in the course of this litigation.

6       8.      The term "Receiving Party" shall mean a Party that receives Materials
7 from a Producing Party in the course of this litigation.

## GENERAL RULES

9       9.      Each Party or non-party to this litigation that produces or discloses any
10 Materials, answers to interrogatories, responses to requests for admission, deposition
11 testimony, and transcripts of depositions, or information that the Producing Party
12 believes should be subject to the Stipulated Protective Order may designate the same
13 as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

14       a.      Designation as "CONFIDENTIAL":  Any Party or non-party to this
15 litigation may designate information as "CONFIDENTIAL" if the Party or non-party
16 believes, in good faith, that the Materials contain proprietary information, confidential
17 business or financial information, information that may for any business or
18 competitive purposes need to be protected from disclosure, trade secrets, and/or
19 information in which the Party or a non-party has a privacy interest or an interest to
20 keep confidential.

21       b.      Designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY":
22 Any Party or non-party to this litigation may designate information as
23 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the Party or non-party
24 believes, in good faith, that the Materials contain proprietary information, confidential
25 business or financial information, information that may for any business or
26 competitive purposes need to be protected from disclosure, trade secrets, and/or
27 information in which the Party or a non-party has an privacy interest or an interest to
28 keep confidential, and that such Materials should be protected from disclosure to other

1  Parties, and should be strictly viewable only by Counsel or others described in
2  Paragraph 14 for the purposes of this litigation.

3  10. In the event a Party or non-party produces documents in response to a
4  request for production of documents, the Producing Party may designate documents
5  (including any portions thereof and any information contained therein) as Confidential
6  and shall stamp, mark, or place a physical and/or electronic label on those documents
7  stating "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8  11. Whenever a deposition taken on behalf of any Party involves a disclosure
9  of Confidential Information of any Party or non-party:

10  a. said deposition or portions thereof and/or any exhibits shall be designated
11  as containing Confidential Information subject to the provisions of the Stipulated
12  Protective Order; such designation shall be made on the record whenever possible, but
13  a Party may designate depositions or portions thereof and/or any exhibits as
14  containing Confidential Information after transcription of the proceedings; a Party
15  shall have until thirty (30) days after receipt of the deposition transcript to inform the
16  other Party or Parties to the action of the portions of the transcript and any exhibits
17  designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
18  ONLY, and during this thirty (30) day period, the entire deposition and any exhibits
19  will be treated as if they had received the designation of CONFIDENTIAL –
20  ATTORNEYS' EYES ONLY";

21  b. the disclosing Party or non-party shall have the right to exclude from
22  attendance at said deposition, during such time as the Confidential Information is to be
23  disclosed, any person other than the deponent, Counsel (including their staff and
24  associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 12
25  below; and

26  c. the originals of said deposition transcripts and all copies thereof shall
27  bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
28  ONLY" as appropriate, and the original or any copy ultimately presented to a court for

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

filing shall not be filed unless the Party seeking to file it seeks permission to file it under seal and identifies it as being subject to the Stipulated Protective Order. Nothing in this Stipulated Protective Order shall prevent a Party from presenting any portion of any deposition transcript not designated "CONFIDENTIAL" by any means.

12. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

13. Information designated "CONFIDENTIAL" shall be disclosed only to (a) the Court and its officers in this litigation pursuant to Paragraph 17 of the Stipulated Protective Order; (b) any Party, or any officer, director, or employee of a Party to the extent deemed reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action; (c) Counsel of record and designated contract attorneys employed by Counsel of record, any Party's in-house Counsel assigned to participate in or supervise this case, and personnel of such Counsel of record or in-house Counsel as set forth in Paragraph 2 of the Order; (d) experts and/or consultants (together with their clerical staff) retained by Counsel of record on behalf of the Parties, who have signed the Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order in the form attached hereto as Exhibit A and the Certification of Expert/Consultant in the form attached hereto as Exhibit B or the Certification of Expert/Consultant With Relationship With Competitor in the form attached as Exhibit C, as applicable; (e) mediators and/or discovery referees selected by Counsel of record on behalf of the Parties or appointed by the Court in this action; (f) court reporter(s) employed in this action; (g) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation

employed in this action; (h) non-party witnesses at any depositions or other pretrial proceedings in which testimony is taken on the record in this action to the extent deemed in good faith reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action, who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order"; and (i) any other persons to whom the Parties agree in writing or on the record to disclose such information.  Nothing in this Stipulated Protective Order prevents a Designating Party from disclosing "CONFIDENTIAL" information designated solely by it as such to any person.

14. Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only to (a) the Court and its officers in this litigation pursuant to Paragraph 17 of the Stipulated Protective Order; (b) Counsel of record and designated contract attorneys employed by Counsel of record, and personnel of such Counsel of record as set forth in Paragraph 2 of the Order; (c) experts and/or consultants (together with their clerical staff) retained by Counsel of record on behalf of the Parties, who have signed the Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order in the form attached hereto as Exhibit A and the Certification of Expert/Consultant in the form attached hereto as Exhibit B or the Certification of Expert/Consultant With Relationship With Competitor in the form attached as Exhibit C, as applicable and such disclosure must be made in strict compliance with the requirements of Paragraph 16 below; (d) mediators and/or discovery referees selected by Counsel of record on behalf of the Parties or appointed by the Court in this action; (e) court reporter(s) employed in this action; (f) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action; (g) non-party witnesses at any depositions or other pretrial proceedings in which testimony is taken on the record in this action to the extent deemed in good faith reasonably necessary by Counsel to aid in the

prosecution, defense, or settlement of this action, who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order"; and (h) any other persons to whom the Parties agree in writing or on the record to disclose such information. Nothing in this Stipulated Protective Order prevents a Designating Party from disclosing "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information designated solely by it as such to any person.

15. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

16. a. If any Party desires to disclose information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any expert or consultant pursuant to Paragraph 14 above, and such expert is at that time or has been, within the last 5 years, a paid expert, consultant, advisor, or employee of a Direct Competitor of the Producing Party, it must first provide written notice to the attorneys for the Producing Party identifying each such expert or consultant. Attorneys for the Producing Party shall have five (5) business days from receipt of such notice to object to the disclosure of such information to any of the experts or consultants so identified. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. The Producing Party shall have the burden of proof by preponderance of the evidence on the issue of the sufficiency of the objections. Any Party that fails to object within five (5) business days of receiving such notice shall be deemed to have agreed upon disclosure to the expert or consultant but shall not be precluded from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection. No "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may be disclosed to any proposed expert or consultant who is, at that time, acting as a paid

– 8 –
STIPULATED PROTECTIVE ORDER

expert, consultant, advisor, or employee of a Direct Competitor of the Producing Party, until such time as the Producing Party either agrees to or fails to timely object to agreed upon disclosure to the expert or consultant or until the Court orders such disclosure following the Motion procedure outlined in Paragraph 16.c below.

b.  Written notice identifying a proposed expert or consultant under Paragraph 16.a above shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae or resume (including (a) their present employer and title; and (b) a list of any known present or former relationships or engagements between them and any Party or known competitor of a Party), an executed Acknowledgment and Agreement To Be Bound By The Stipulated Protective Order in the form attached hereto as Exhibit A and an executed Certification of Expert/Consultant With Relationship With Competitor of Designating Party in the form attached hereto as Exhibit C, a list of any prior or current employments or consultancies during the previous five (5) years, a list of cases in which the expert or consultant has testified at deposition, hearing or trial within the last five (5) years and a statement of whether or not, during that time period, they have been involved in any work involving any online or networked gaming technologies. A proposed expert or consultant may only receive information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" after being expressly identified to the Producing Party as seeking access to that information.

c.  The Parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the Party opposing disclosure of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to the proposed expert or consultant may move the Court for an Order prohibiting the disclosure, and shall bear the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing any such information in connection with his/her retention. Any Party that fails to file such a motion within ten (10) business days of notifying a Party of an objection to disclosure under

– 9 –

1  Paragraph 16.a shall be deemed to have waived such objection and the Parties shall be
2  deemed to have agreed upon disclosure to the expert or consultant.

3        17.    All material designated "CONFIDENTIAL" or "CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY" in accordance with the terms of this Stipulated
5  Protective Order that is filed with the Court, and any pleadings, motions or other
6  papers containing material designated "Confidential," shall be filed in accordance
7  with the procedures set forth in Central District of California Local Rule 79-5.  Any
8  Party seeking to file any material designated "CONFIDENTIAL" or
9  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must apply for permission from
10 the Court to file such material under seal and set forth with particularity in the
11 application the reasons for seeking such permission.  If the Court finds that the
12 material is not qualified for filing under seal, the Court may direct the material be filed
13 publicly, issue an order to show cause why the material should not be filed publicly,
14 or issue such other order as is just.

15       18.    Nothing herein supplants Counsel's responsibility to comply with the
16 requirements of Federal Rule of Civil Procedure 5.2 and Central District of California
17 Local Rule 5.2-1, which require redaction of the types of sensitive and private
18 information specified therein from Materials filed with the Court, regardless of
19 whether such information was designated by a Party or non-party as
20 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21       19.    At any stage of these proceedings, any Party may object to a designation
22 of the Materials as Confidential Information.  Any Party objecting to a designation of
23 "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
24 including objections to portions of designations of multipage documents, shall notify
25 in writing, Counsel for the Designating Party and all other Parties of its objection,
26 specifically identifying each document or other Material that the objecting Party in
27 good faith believes should not be designated as "CONFIDENTIAL" or
28 "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and providing a brief statement

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 10 –
STIPULATED PROTECTIVE ORDER

of the grounds for such belief. In accordance with the Federal and Local Rules governing discovery disputes, the objecting and the designating Parties thereafter shall promptly confer in an attempt to resolve their differences. If the Parties are unable to resolve their differences, the designating Party shall within seven (7) business days of the Parties' "meet and confer" file with the Court a motion for protective order pursuant to Fed. R. Civ. P. 26(c). The Materials at issue shall be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

20. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party and any person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. In the event of any disclosure of Confidential Information that does not comply with the terms of this Stipulated Protective Order, the Party responsible for that disclosure must (a) immediately take corrective steps and without prejudice to any rights and remedies of the other Parties, make every effort to protect further disclosure by the Party and by the person(s) receiving the unauthorized disclosure; (b) notify the Producing Party in writing within twenty-four (24) hours of discovering the disclosure of all pertinent facts related to the disclosure and the corrective measures taken; (c) make itself immediately available to discuss the facts with the Producing Party; and (d) take any reasonable additional corrective measures requested by the Producing Party. Any disclosure that either the Parties agree or the Court determines (a) was inadvertent; and (b) was reasonably corrected will not be considered a violation of this Stipulated Protective Order.

21. No Party shall be responsible to another Party for disclosure of Confidential Information under the Order if the information in question is not labeled or otherwise identified as such in accordance with the Order.

22.    If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the Stipulated Protective Order the Designating Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under the Order.  The Receiving Party must treat the Materials as confidential, once the Designating Party so notifies the Receiving Party.  If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.  Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

23.    Nothing herein shall prejudice the right of any Party or non-party to object to the production of any discovery material on the grounds that the document is protected as privileged or as attorney work product.

24.    Nothing herein shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents or the information shall not be disclosed.

25.    The Stipulated Protective Order shall be without prejudice to the right of a Party or non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of the Stipulated Protective Order shall not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

26.    The designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is not admissible before any trier of fact and in no way implies that the designating Party believes such Materials are of any significance to this litigation.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

27. If any Party has obtained Confidential Information in accordance with this Stipulated Protective Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing and/or Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Notwithstanding the foregoing, nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

28. Upon final termination of this action, including any and all appeals, Counsel for each Party shall, upon request of the Producing Party by any means, return all Confidential Information to the Party or non-party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which it resides and shall provide a Certificate of Return or a Certificate of Destruction, as applicable, from the Party and a Certificate of Destruction from each Expert or Consultant to whom it provided Confidential Information which certifies in writing, under penalty of perjury, that all such information has been returned or destroyed within sixty (60) days of the Producing Party's request. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product that refer to, incorporate or contain Confidential Information, and will continue to be bound by the Stipulated Protective Order with respect to all such retained information. The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree in writing should not be designated Confidential Information; (b) the Parties agree in writing, or the Court rules, has become public knowledge other than as a result of disclosure by

1  the Receiving Party, its employees, or its agents in violation of the Order; or (c) has
2  come or shall come into the Receiving Party's knowledge by lawful means
3  independently of the production by the Designating Party and without any
4  requirement of confidentiality.

5        29.    The restrictions and obligations herein shall not be deemed to prohibit
6  discussions of any Confidential Information with anyone if that person already has or
7  obtains lawful possession thereof, independent of any production or disclosure in this
8  action, and those discussions are agreed to by the Parties in writing.

9        30.    Transmission by facsimile and/or by email to the addresses set forth on
10 the caption of the Stipulation for Protective Order, or to other addresses as may be
11 agreed by the Parties in writing, with a subject heading referring to this Action and to
12 this Stipulated Protective Order, is acceptable for all notification purposes herein.

13       31.    If information subject to a claim of attorney-client privilege or work
14 product protection is inadvertently produced, such production shall in no way
15 prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege
16 or work-product protection for such information.  If a Party has inadvertently
17 produced information subject to a claim of privilege or protection, upon written
18 request made by the Producing Party of such inadvertent production, the information
19 for which a claim of inadvertent production is made, including all copies, shall be
20 returned within seven (7) court days of such request unless the Receiving Party
21 intends to challenge the Producing Party's assertion of privilege or protection.  All
22 copies of inadvertently produced documents shall be destroyed, and any document or
23 material information reflecting the contents of the inadvertently produced information
24 shall be expunged.  If a Receiving Party objects to the return of such information
25 within the seven (7) court day period described above, the Producing Party may move
26 the Court for an order compelling the return of such information.  Pending the ruling,
27 a Receiving Party may retain the inadvertently produced documents in a sealed
28 envelope and shall not make any use of such information.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 14 –
STIPULATED PROTECTIVE ORDER

32. Any violation of this Stipulated Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending Party to such additional and further remedies as may be available to the aggrieved Party.

33. The Stipulated Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

34. The Parties agree to be bound by this Stipulated Protective Order pending its approval by the Court.

35. Nothing in this Stipulated Protective Order shall be construed as prejudicing any Party's right to seek an agreement or Court order providing additional confidentiality or other protections for any Confidential Information or Materials produced in this Action. Absent a written agreement between the Parties which provides otherwise, any Party which seeks a Court order providing such additional confidentiality or other protection for any Confidential Information or Materials need not produce any such Confidential Information or Materials until ten (10) days after the receipt of any Court order which denies such additional confidentiality or other protections. In any instance in which a Court order denies such additional protections, this Stipulated Protective Order shall set forth the procedures which must be followed to protect any such Confidential Information or Materials.

36. The Court may modify the terms and conditions of this Stipulated Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties respectfully request that the Court provide them with notice of the Court's intent to modify the Stipulated Protective Order and provide the content of those modifications, prior to entry of such an order.

IT IS SO STIPULATED.

/ / /

/ / /

/ / /

DATED: August 30, 2013

REED SMITH LLP

By    /S/ Kathyleen A. O'Brien
      Kathyleen A. O'Brien
      Mark S. Melodia
      Paul Bond
      Dominique H. Pietz
      Attorneys for Defendant Blizzard
      Entertainment, Inc.

DATED: August 30, 2013

CARNEY BATES & PULLIAM PLLC[1]

By    /S/ Hank Bates
      Hank Bates
      Randall K. Pulliam
      Attorneys for Plaintiffs Benjamin Bell and
      Christopher Spellman

---

[1] Pursuant to Local Rule 5-4.3.4(2)(i), filing counsel attests that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.